IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SYNDEL LABER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-535-MTT |
| DOUGLAS HALL, et al., | ) |
| Defendants. | ) |

### ORDER

Defendants Douglas Hall and Teresa Compton have moved to dismiss Plaintiffs Syndel Laber's and Kristian Laber's complaint for failure to effect proper service, claim preclusion, and failure to state a claim upon which relief can be granted. ECF 7. In an effort to afford the Plaintiffs, who are proceeding *pro se*, adequate notice and time to respond to the Defendants' motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).[1] If the Plaintiffs wish to respond, they must do so no later than **February 10, 2026.**[2]

If the Plaintiffs do not timely respond to the motion to dismiss, the Court may dismiss their claims against the Defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. The Plaintiffs may submit their argument to this Court by filing a brief in opposition to the Defendants' motion to

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (ECF 7) to Plaintiffs at their last known address. Thereafter, all notices or other papers may be served on Plaintiffs directly by mail at their last known address.

[2] The Plaintiffs previously requested a Clerk's Extension, which was granted. As stated above, the Court will allow the Plaintiffs to respond to the Defendants' motion to dismiss by February 10, 2026.

dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4. In addition, the Court advises the Plaintiffs that a response brief is not the proper avenue for amending their complaint.[3] The Court evaluates a motion to dismiss based on failure to effect proper service, claim preclusion, and failure to state a claim using the following standards:

*Service of process:* The Plaintiffs must properly serve all Defendants under Federal Rule of Civil Procedure 4. Under Federal Rule of Civil Procedure 4(m), the Plaintiffs must serve the Defendants with all appropriate papers within ninety (90) days after the complaint is filed.

*Claim preclusion:* "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Claim preclusion, or *res judicata*, is an affirmative defense. Fed. R. Civ. P. 8(c). As an affirmative defense, the burden is upon the party asserting the defense to show the required prerequisites are satisfied. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). State preclusion law applies here because the judgment in the prior action was entered in state court. *See McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1565

---

[3] The Eleventh Circuit has held that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam). The Circuit has, in unpublished opinions, applied the same rule when a *pro se* party seeks to cure deficiencies in his brief opposing a motion to dismiss. *Gladney v. Consumers Credit Union*, No. 13-13959, 2024 WL 2797914 at*4 (11th Cir. May 31, 2024) (per curiam) (stating that the plaintiff "could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [defendant's] motion to dismiss"); *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (per curiam) (stating that "[b]ecause [plaintiff] raised this argument for the first time in his response to [defendant's] motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a), it was not properly raised below").

(11th Cir. 1987) (citing 28 U.S.C. § 1738). "A party seeking to invoke *res judicata* on the basis of a prior judgment [under Georgia law] must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1556 (11th Cir. 1993) (internal citations omitted).

*Failure to state a claim:* The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

**SO ORDERED**, this 27th day of January, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT