IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SYNDEL LABER, et al.,            )
                                 )
                                 )
                                 )
            Plaintiffs,          )
                                 )
        v.                       )    CIVIL ACTION NO. 5:25-CV-535 (MTT)
                                 )
DOUGLAS HALL, et al.,            )
                                 )
                                 )
            Defendants.          )
_____  )

## ORDER

Defendants Douglas Hall and Teresa Compton have moved to dismiss pro se Plaintiffs Syndel Laber's and Kristian Laber's complaint under the Fair Labor Standards Act ("FLSA"). ECF 7. For the following reasons, the Defendants' motion (ECF 7) is **DENIED**.

## I. BACKGROUND

Syndel and her son, Kristian,[1] were employed by Hall starting around May 10, 2024. ECF 1 ¶ 4; 1-4. Syndel regularly worked more than forty hours per week but was not compensated for overtime. ECF 1 ¶ 4. On or around May 22, 2025, Syndel texted Compton, who acted as Power of Attorney for Hall. *Id.* Her first text message stated, "my check was short, I worked over where you [were] late 10 minutes yesterday." ECF 1-1 at 1. Compton responded via text, "[y]ou have got to be kidding about the 10 minutes as many times you have been paid …..more than hours worked." *Id.* (alteration

---

[1] The complaint attached text messages between the Plaintiffs and Defendants as exhibits. *See* ECF 1-1; 1-2. In these messages, it appears that Kristian also goes by "Chandler."

in original). Syndel replied, "I was just informing you, there [have] been many times I have stayed over and was not paid for it. Margaret was 30 min late last Monday, and I was not paid for that. It is on our new time sheets." *Id.* at 2. Compton responded, "Have you forgotten you were paid $40 over last week, so you would have $1000 … $40 over." *Id.* Syndel replied, "No I work 50 hours a week staying over Friday morning until 9 am. 50x20 is 1000. I also work overtime every week and not paid over time hours if you want to get technically what's legally right about it." Compton responded, "It is done now. Don't text Don't call." *Id.* Syndel replied, "How [] is that supposed to work are you firing me? Do you need me to contact my attorney about employment law? Do you really want to do this? Because now I've brought up the law and I'm fired that is retaliation and another law suit... are you sure you want to go down this road?" *Id.* at 3 (second alteration in original).

On May 25, 2025, Compton informed Syndel via text message that she should not return to work. ECF 1 ¶ 4; 1-1 at 3. On May 27, 2025, Syndel and Kristian each received a separation notice from Compton, acting as Power of Attorney for Hall, stating that their respective employments were terminated. ECF 1 ¶ 4; 1-4. They received two weeks of severance pay. ECF 1 ¶ 4.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12 (b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

The Plaintiffs claim they were terminated in retaliation for Syndel's complaint about not receiving overtime pay in violation of 29 U.S.C. § 215(a)(3). ECF 1 ¶ 5. The Defendants have moved to dismiss on the grounds of improper service, claim preclusion, failure to state a claim, and the Colorado River abstention doctrine. ECF 7-1.

**A. Improper Service**

The Defendants argue that "[o]n December 10, 2025, Plaintiffs attempted to improperly serve this Complaint on Defendants by an Upson County Sheriff's deputy." ECF 7-1 at 4. The Plaintiffs filed returns of service reflecting service on the Defendants by the Upson County Sheriff's Office on December 10, 2025. ECF 3. The Defendants claim, "[t]o date, Defendants have not been served with any other copy of the Complaint," but they do not explain why service was improper and thus have failed to carry their burden. ECF 7-1 at 4; *see T-12 Entm't, LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1391 (N.D. Ga. 2014) ("The burden of establishing that service was insufficient falls on the defendant, who must specifically describe the defect under Rule 4.").

**B. Claim Preclusion**

The Defendants argue that claim preclusion bars the Plaintiffs' retaliation claim because Syndel previously sued in the Magistrate Court of Upson County for unpaid overtime wages under the FLSA. ECF 7-1 at 4–10. The Defendants maintain that the state court action "resulted in a final adjudication on the merits." *Id.* at 4. But the Magistrate Judge dismissed Syndel's actions without prejudice. ECF 7-4; 7-5. The Defendants acknowledge this and posit the Magistrate Court's "language 'without prejudice' was in error and should read 'with prejudice'." ECF 7-1 at 8–9. The Defendants purport to rely on O.C.G.A. § 9-11-41(b), which applies to involuntary dismissals and states: "Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication

-4-

upon the merits *unless the court in its order for dismissal specifies otherwise.*" (emphasis added). Here, the Magistrate Court "in its order for dismissal specifie[d] otherwise"—dismissal was "without prejudice." *See* ECF 7-4; 7-5. The Defendants do not argue or cite authority to show that, because of the nature of the state court dismissal, there is a preclusive effect. Accordingly, the Defendants have failed to establish that the Magistrate Judge's dismissal of Syndel's state court actions without prejudice bars the Plaintiffs' retaliation claim. *See Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir. 2003) ("[A dismissal] without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect."); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (quoting Fed. R. Civ. P. 41(b)) ("[A]n 'adjudication upon the merits' … is the opposite of a 'dismissal without prejudice.'") (internal citations omitted).

## C. Failure to State a Claim

The Defendants argue that the Plaintiffs never engaged in statutorily protected activity and the Plaintiffs "have made no factual showing that the cause of their termination were the texts that Syndel Laber sent on May 22, 2025, before she was terminated." ECF 7-1 at 10–15. First, the Defendants contend that Syndel's text messages were "not clear or adequate to put the Defendants on notice that a grievance had been lodged under the FLSA." *Id.* at 10. However, unofficial complaints to an employer are protected. *See EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989) (employees' informal complaints constituted protected activity under the FLSA); *see also Debrecht v. Osceola County*, 243 F. Supp. 2d. 1364, 1374 (M.D. Fla. 2003) (same). Accordingly, the Court declines to rule that Syndel's text messages, which unambiguously complained about unpaid overtime wages and raised legal

concerns, are not protected activity. As to causation, the timing of Syndel's text messages and the Plaintiffs' firing is sufficient to plausibly allege causation. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006) ("Close temporal proximity between protected conduct and an adverse employment action is generally 'sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection.'") (quoting *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

### D. Colorado River Abstention

The Defendants argue that the Colorado River abstention doctrine should compel this Court to dismiss or abstain from hearing the Plaintiffs' case until the Upson County Superior Court has concluded its proceedings, noting that "[t]he state action is on appeal." ECF 7-1 at 15–17. However, the Defendants subsequently filed the Upson County Superior Court's orders dismissing Syndel's petition for review of the Magistrate Court's dismissal orders. ECF 13. Accordingly, it appears the Defendants' abstention argument is now moot.

<div align="center">

### IV. CONCLUSION

</div>

The Defendants' motion to dismiss (ECF 7) is **DENIED**.

**SO ORDERED**, this 13th day of March, 2026.

<div style="margin-left: 40%;">

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

</div>